**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LIVELL FIGGS, Inmate #B38321,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **JOHN EVANS, DR. FEINERMAN, C/O FENTON, BRENDA GALE, NURSE TANYA, WILBER G. PURSELL, CHRISTINE BROWN, UNKNOWN PARTIES,** | ) CIVIL NO. 05-808-JPG |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Fenton for use of unconstitutional excessive force.

**COUNT 2:** Against Defendant Fenton for assault and battery under Illinois state law.

**COUNT 3:** Against Defendants Pursell and Evans for denying him due process in denying his grievances.

> **COUNT 4:** Against Defendants Evans, Feinerman, Gale, Tanya, Pursell, Brown, and unnamed defendants for deliberate indifference to Plaintiff's serious medical needs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

## FACTUAL ALLEGATIONS

Plaintiff states that on December 21, 2003, while an inmate in the Pinckneyville Correctional Center, he was out of his cell on "workers dayroom assignment" when he accidentally locked another inmate, Spencer, inside his cell. Plaintiff told Defendant Fenton what he had done and asked if he would unlock the cell so that the Inmate Spencer could come out. A short while later, Defendant Fenton called Plaintiff to Inmate Spencer's cell. Plaintiff apologized to Inmate Spencer for locking him in his cell. As he was leaving the cell, Defendant Fenton intentionally kicked the cell door into Plaintiff. Plaintiff raised his hands to stop the door from hitting him, but the force of the door was too great and instead of stopping the door from closing, it slammed on Plaintiff's fingers. Plaintiff states that after his fingers were shut in the door, he heard Defendant Fenton laughing. Plaintiff's

fingers were bleeding excessively. Defendant Fenton came into the cell and told Plaintiff to put his hand under the tap and run water on it. Plaintiff repeatedly asked Defendant Fenton to take him to the Health Care Unit ("HCU") because he was in great pain, but Defendant Fenton refused until Plaintiff promised him he would tell the administration that he accidentally shut the cell door on his own hand. Plaintiff agreed because he was in so much pain.

At the HCU, Plaintiff saw Dr. Rice (not a defendant) who examined Plaintiff and determined that his fingers were broken. Dr. Rice splinted and wrapped the fingers, prescribed ibuprofen for pain and penicillin for infection, and kept Plaintiff in the HCU overnight.

The next day, C/O Lind and Sgt. Colgate approached Plaintiff and asked him what to tell them how his hand had been injured. He told them that Defendant Fenton had slammed the door on his hand, then he asked to see a supervisor to report the incident. Later the same day, Dr. Rice took x-rays of Plaintiff's hand.

On December 23, 2003, Plaintiff spoke with Lt. Hubler and Major Pickering about the incident. On January 2, 2004, Plaintiff was sent to see Lt. Laird of Internal Affairs. Plaintiff states he gave a full report about the incident, but that Lt. Laird told him that regardless of what Plaintiff said, he would write the incident up as an accident. Plaintiff wrote a number of grievances about Defendant Fenton's misconduct. He requested that witnesses be called, but none were, and the grievances were summarily denied.

On January 1, 2004, Dr. Rice told Plaintiff that the x-rays showed that his hand had been broken in three or four places. Dr. Rice recommended that Plaintiff be sent to a hand specialist. On January 27, 2004, Plaintiff's blood pressure was high. Plaintiff states that prior to the incident with Defendant Fenton, his blood pressure had always been normal. On January 29, 2004, Plaintiff told an unnamed nurse that he had run out of ibuprofen. The nurse told him she would notify Dr. Rice

and told Plaintiff to put in a sick call request form. The next day, Plaintiff was called to see Defendant Brenda Gale. Instead of giving him ibuprofen for his pain, she prescribed aspirin. Plaintiff states that aspirin does not help his pain. The next day Plaintiff requested ibuprofen from Defendant Nurse Tanya, but she would not give it to him. She told Plaintiff he would have to put in a sick call request. On February 2, 2004, Plaintiff saw Nurse Hill (not a defendant) during sick call. She found his blood pressure to be extremely high. She also told him that Dr. Rice was no longer working at the prison.

Later the same day Plaintiff saw Defendant Feinerman, who told Plaintiff his fingers were healed. Plaintiff told him that he was still in pain, but Defendant Feinerman refused to provide any pain medication and told Plaintiff he could purchase Tylenol from the commissary. When Plaintiff told him he didn't have any money for Tylenol, Dr. Feinerman ended the appointment. Plaintiff states that Dr. Feinerman also denied him pain medication on February 4, 9, and 18.

Plaintiff filed grievances seeking pain medication and treatment from an outside specialist. Plaintiff learned that Defendant Christine Brown denied the request for treatment from a specialist. All the grievances were "arbitrarily" denied.

Plaintiff was later transferred to Logan Correctional Center. A doctor there told him he had developed chronic arthritis and he would continue to suffer from it for the rest of his life. The physician there prescribed him ibuprofen.

## COUNT 1

The Court finds that Plaintiff has stated a claim of unconstitutional use of excessive force against Defendant Fenton. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);

*DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on Plaintiff's allegations and the legal standards noted above, Count 1 cannot be dismissed from the action at this point in the litigation.

## COUNT 2

Plaintiff claims that Defendant Fenton committed the torts of assault and battery under Illinois law. To the extent that Plaintiff is requesting that the Court exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the Court will do so. Plaintiff may proceed against Defendant Fenton on Count 2.

## COUNT 3

Plaintiff states that Defendants Pursell and Evans denied him due process in that his grievances were summarily and "arbitrarily" denied. Defendant Pursell refused to call witnesses or investigate Plaintiff's claims and Defendant Evans did not properly review the grievances.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution

requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Based on these legal standards, Plaintiff has not stated a due process claim. Accordingly Count 2 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 4

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on Plaintiff's factual allegations and the legal standards detailed above, Plaintiff has stated a claim of deliberate indifference against Defendants Feinerman, Brown, Fenton, Gale, and Nurse Tanya that cannot be dismissed at this point in the litigation. Plaintiff also names Defendant Pursell, Evans, and unnamed defendants in this Count, but Plaintiff has failed to show how any of

these defendants were personally responsible for depriving him of medical treatment. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

### SUMMARY AND CONCLUSION

Plaintiff may proceed on Counts 1 and 2 of the complaint against Defendant Fenton and on Count 4 of the complaint against Defendants Feinerman, Brown, Gale, and Nurse Tanya. Defendants Evans, Pursell, and the unnamed defendants are **DISMISSED** from the action, as is Count 3 of the complaint.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendants Fenton, Feinerman, Brown, Gale, and Nurse Tanya* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Fenton, Feinerman, Brown, Gale, and Nurse Tanya*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on **Defendants *Fenton, Feinerman, Brown, Gale,* and *Nurse Tanya*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the

defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 8, 2006**

  s/ J. Phil Gilbert  
  **U. S. District Judge**