IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LIVELL FIGGS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **05-808-JPG** |
| | ) | |
| **JOHN EVANS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Plaintiff Livell Figgs is in the custody of the Illinois Department of Corrections, housed at all relevant times at Pinckneyville Correctional Center.  Plaintiff has brought suit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the defendant prison officials.  In accordance with Federal Rule of Civil Procedure 12(b)(6), defendants Dr. Feinerman and Brenda Gale are now before the Court seeking dismissal of Count 4.  **(Docs. 20 and 21).**  Plaintiff Figgs has filed a general response in opposition.  **(Doc. 31).**  This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Count 4

Count 4 alleges that defendants Dr. Feinerman, Brenda Gale, Nurse Tanya and Christine Brown were deliberately indifferent to plaintiff Figgs' serious medical needs, in violation of the Eighth Amendment.  **(Doc. 1 and Doc. 7, p. 2).**  More specifically, it is alleged that on December 21, 2003, defendant Correctional Officer Fenton kicked a cell door into plaintiff, slamming plaintiff's fingers such that they were broken in three or four places.  A few days later,

1

on January 30, 2004, plaintiff saw defendant Nurse Brenda Gale, because plaintiff was running out of prescribed Motrin/Ibuprofen.  Nurse Gale only offered plaintiff aspirin, which plaintiff explained was historically ineffective for his headaches and would surely not relieve the pain of his broken bones.  Nurse Gale stated that she would notify Dr. Rice, but plaintiff never received any Motrin/Ibuprofen.  Three days later, plaintiff saw Dr. Feinerman, but Dr. Feinerman declared plaintiff's hand healed after 44 days, and the doctor told plaintiff no more pain medication would be prescribed, but plaintiff could purchase Tylenol from the commissary. Plaintiff asserts he could not afford to purchase Tylenol, although plaintiff concedes he later purchased medication whenever it was financially feasible.  Plaintiff further claims that Dr. Feinerman and Nurse Gale denied him proper follow-up care, including a referral to a hand specialist and physical therapy.  **(Doc. 1, pp. 6-8 and 10).**

<u>**Arguments Presented**</u>

Defendant Dr. Feinerman argues that plaintiff has failed to state a viable claim against him, in that plaintiff is merely challenging that he was given a pain medication different than what he would have preferred.  Dr. Feinerman notes that plaintiff acknowledges purchasing medication.  Defendant Feinerman further argues that a claim regarding the denial of a specialist is another claim that is merely a difference of opinion regarding the proper course of treatment. **(Doc. 21).**

Plaintiff generally objects to the defendants' motion to dismiss.  The thrust of plaintiff's objection is that the defendants are misconstruing the complaint.  Plaintiff includes his affidavit in his response.  However, after reviewing the affidavit, this Court has elected not to convert the motion to dismiss into a motion for summary judgment.  *See* **Fed.R.Civ.P. 12(b)(6).**  Rather, the

2

defendants' motion will rise and fall on the legal arguments vis-a-vis the complaint.

### The Legal Standard(s) for Dismissal

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve a case on its merits. ***See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326-27 (7th Cir.2000).** When evaluating a Rule 12(b)(6) motion, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. ***See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.,* 167 F.3d 1170, 1173 (7th Cir.1999).** Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, "[a] complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." ***National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.,* 832 F.Supp. 227, 230 (N.D.Ill.1993).**

However, as the Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

***Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-1965 (2007) (internal citations and parenthetical information omitted).**

### Analysis

Generally, the Eighth Amendment obligates prison officials to "provide humane conditions of confinement; . . . [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates.'"

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble*, 429 U.S. 97 (1976).

The Eighth Amendment is violated when an official exhibits "deliberate indifference"--when an

official "knows of and disregards an excessive risk to inmate health or safety[;] the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  This standard is

subjective, and is the equivalent of recklessness in the criminal law sense.  *Id.*  Mere negligence

will not create liability, nor will the provision of medical treatment other than that preferred by

the inmate.  *Estelle*, 429 U.S. at 107; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D. Ill. 1984).

Also, delay in providing medical care may be sufficient for liability.  *Kelley v. McGinnis*, 899

F.2d 612 (7th Cir. 1990).

        With respect to defendant Nurse Gale, the complaint details how she offered plaintiff

aspirin, as opposed to the Motrin/Ibuprofen plaintiff had been taking, and she took steps to have

a doctor alerted to plaintiff's medication preference.  Thus, the complaint makes clear that it is

only plaintiff's preference for one over-the-counter anti-inflammatory drug over another.

Plaintiff does not even allege that he was out of Motrin/Ibuprofen when he saw Nurse Gale.

**(Doc. 1, p. 7).**  There is nothing to suggest deliberate indifference or any other facts that would

suggest a viable constitutional claim.  Therefore, plaintiff's deliberate indifference claim against

Nurse Gale regarding medication fails to state a viable Eighth Amendment claim.  *See Abdul-*

*Wadood v. Nathan*, 91 F.3d 1023, 1025-1026 (7th Cir. 1996).

        Dr. Feinerman contends plaintiff was able to purchase medication, therefore he cannot be

deliberately indifferent for not providing it for free.  However, a close reading of the complaint

reveals that plaintiff alleges that there was a gap between when Dr. Feinerman declined his

4

request for additional medication, and when plaintiff was able to purchase it.  As noted above, a delay in medical care, and the resulting pain, can form the basis for an Eighth Amendment claim. Insofar as plaintiff suggests he was not healed when Dr. Feinerman declined medication, the length of time it takes multiple hand fractures to heal, and the particulars of plaintiff's situation leave open the possibility of a factually viable claim.

A review of the complaint reveals a clear claim that defendant Dr. Feinerman <u>and</u> Nurse Gale denied plaintiff physical therapy and a specialist.  **(Doc. 1, p. 9).**  However, the factual allegations do not connect Nurse Gale to any request for a physical therapist or specialist, and there is nothing to suggest Nurse Gale had authority to make such a medical order.  Plaintiff's allegations reflect that Dr. Rice (who is not a defendant) had recommended a hand specialist and therapy.  **(Doc. 1, p. 8).**  Therefore, under the *Bell Atlantic v. Twombly* standard for dismissal, plaintiff's claim against Nurse Gale fails.

Dr. Feinerman appears to have taken over plaintiff's treatment after Dr. Rice left the institution.  **(Doc. 1, pp. 7-8).**  Thus, it appears Dr. Feinerman had some degree of authority over whether plaintiff saw a hand specialist and/or received physical therapy.  Although plaintiff's claim regarding the decision(s) regarding a specialist and therapy may ultimately amount to nothing more than a difference of opinion over treatment, at this juncture plaintiff has pleaded sufficient facts to meet the *Bell Atlantic v. Twombly* standard and this aspect of Count 4 against Dr. Feinerman cannot be dismissed.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants Dr. Feinerman and Nurse Brenda Gale's motion to dismiss **(Doc. 20)** be granted in part and denied in part.  More specifically, all Eighth Amendment claims of deliberate indifference to a serious medical need against Nurse Brenda Gale in Count 4 should be dismissed.  All Eighth Amendment claims of deliberate indifference to a serious medical need against Dr. Feinerman in Count 4 should continue toward trial, as plaintiff has stated viable claims that cannot be dismissed based solely on the pleadings.

**DATED: July 31, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 17, 2006**.

6