IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIVELL FIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | NO.  05-cv-808-JPG |
| | ) | |
| JOHN EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 58) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part the motion to dismiss filed by defendants Dr. Feinerman and Nurse Brenda Gales (Doc. 20).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Report recommends that the Court dismiss Figgs's Eighth Amendment claim against defendant Nurse Brenda Gales because the complaint alleged facts showing that she was not deliberately indifferent to Figgs's medical needs.  The Report found she offered him alternate medication for his pain and took steps to notify a doctor about Figgs's preference for his original medication.  This, the Report concluded, could not amount to deliberate indifference to Figgs's medical needs.

Figgs objects first to the Report's finding that offering Figgs alternate medication could not have been deliberate indifference to his medical needs. An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).

Figgs has alleged facts showing that Gales did not disregard Figgs's pain but offered to treat him for it. That she did not offer the treatment Figgs wanted and that a doctor had previously found appropriate amounts to nothing more than a difference of opinion about treatment, not deliberate indifference to a serious medical need.

Figgs also objects to the Report's statement that he did not allege he was out of his prescription medication when Gales saw him. The Court agrees that the Report went too far in this statement. However, even absent that statement, the Report is correct in its conclusion that Figgs's claim against Gales cannot withstand dismissal.

For the foregoing reasons, the Court

- **ADOPTS** the Report (Doc. 58) as **MODIFIED** by this order;
- **GRANTS in part** and **DENIES in part** the motion to dismiss (Doc. 20);
- **DISMISSES** Count 4 against defendant Nurse Brenda Gales; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

IT IS SO ORDERED.
DATED:  September 12, 2007

s/ J. Phil Gilbert
**United States District Judge J. Phil Gilbert**