# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIVELL FIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| vs | ) NO. 05-cv-808-JPG |
| | ) |
| JOHN EVANS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 89) of Magistrate Judge Clifford J. Proud recommending that the Court grant defendant Dr. Feinerman's motions to dismiss (Doc. 61) and for summary judgment (Doc. 70) and defendant Christine Brown's ("Brown") motion for summary judgment (Doc. 65) because plaintiff Livell Figgs ("Figgs") has not exhausted his administrative remedies. Alternatively, the Report recommends the summary judgment motions be granted on their merits. Figgs has objected to the Report (Doc. 90), and Dr. Feinerman and Brown have responded to the objection (Docs. 91 & 92).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

With respect to the exhaustion issue, the Report finds that Figgs's January 31, 2004,

grievance, which did not specifically name Dr. Feinerman or Brown, was not sufficient to constitute a grievance against Dr. Feinerman, who had not yet examined or treated Figgs, or Brown, who had not yet considered his request to see a specialist or received his other communications. Essentially, Figgs filed his grievance before either Dr. Feinerman or Brown became involved with his medical treatment. Thus, the Report concludes, Figgs has not exhausted his administrative remedies against Dr. Feinerman or Brown.

In Figgs's objection, he argues that the grievance process should be used to resolve problems, not to hinder him from bringing suits such as this one, and that his general grievance about the health care he received should be sufficient. Figgs implies his original grievance was directed at Dr. Feinerman and Brown even though it did not name them specifically. He also suggests they were consulted before the warden denied his grievance.

The Court has reviewed the Report *de novo* as it related to the exhaustion issue and finds that it is correct. A prisoner may not file a § 1983 suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The available remedies in this case included a grievance which, under Illinois Department of Corrections regulations, needed to include "the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(b). If the grievant does not know the name of the individual, he can describe them. *Id.* A grievance that does not name or describe a defendant does not exhaust that remedy against the defendant.

In this case, Figgs's grievance complains of conduct by a med-line nurse, Nurse Gale and Nurse Tanya but does not name or describe Dr. Feinerman and Brown. Furthermore, the grievance cannot be construed to apply to their conduct toward Figgs because that conduct had not

2

occurred at the time Figgs filed his grievance. Thus, Figgs's grievance cannot be viewed as exhausting remedies against Dr. Feinerman or Brown. There is no evidence his failure to exhaust was innocent, so Figgs's claims against Dr. Feinerman and Brown must be dismissed without prejudice. In light of this ruling, the remainder of the Report addressing the merits of the pending summary judgment motions is moot.

For the foregoing reasons, the Court

- **ADOPTS** the Report (Doc. 89) to the extent it relates to the exhaustion of administrative remedies;

- **GRANTS** Dr. Feinerman's motion to dismiss (Doc. 61) and motion for summary judgment (Doc. 70) and Brown's motion for summary judgment (Doc. 65);

- **DISMISSES** Count 4 Dr. Feinerman and Brown **without prejudice**. Dr. Feinerman and Brown are terminated from this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: September 18, 2008**

s/ J. Phil Gilbert
**United States District Judge J. Phil Gilbert**